UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAYMES A. GALLAGHER, <br><br> Defendant. | CASE NO. CR 19-5389-BHS <br><br> ORDER |

THIS MATTER is before the Court on defendant Jaymes Gallagher's Motion for Sentence Reduction Pursuant to the First Step Act of 2018. Dkt. 134.

In 2021, Gallagher pled guilty to Conspiracy to Distribute Controlled Substances and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. This Court sentenced him to 84 months of custody.

Gallagher seeks to reduce his sentence under 18 U.S.C. § 924(c). Dkt. 134. He argues the Court previously recognized that he committed a non-violent offense in its order denying his habeas petition. *Id.* at 3 (citing No. 22-5434, Dkt. 10). He also appears to challenge the Bureau of Prison's (BOP) determination that he is ineligible for First Step Act time credits. *Id.* at 6.

ORDER - 1

The Government opposes Gallagher's motion. Dkt. 136. It argues that the First Step Act does not apply to his convictions and that the Court lacks jurisdiction over any claim relating to FSA credits. *Id.* at 3–4.

The First Step Act of 2018 (1) reduced statutory minimums for defendants with prior serious drug felony or serious violent felony convictions, (2) broadened the existing "safety valve" under 18 U.S.C. § 3553 allowing district courts to sentence without regard to statutory minimums for certain non-violent offenders, (3) made the Fair Sentencing Act retroactively applicable for defendants convicted of cocaine-base offenses prior to August 2010, and (4) increased the statutory minimum for repeat firearm offenses under 18 U.S.C. § 924(c). Pub. L. 115-391, Title IV, § 401–04, 132 Stat. 5194, 5220-22 (2018). The Act also allows eligible prisoners who "successfully complete[] evidence-based recidivism reduction programming or productive activities" to earn time credits that can be applied towards prerelease custody or supervised release. *Id.*, Title I, § 101, 132 Stat. 5194 at 5195.

Gallagher does not have a history of prior serious drug or violent felony convictions, nor does he have multiple § 924(c) convictions. Dkt. 97. Despite his non-violent criminal history, the "safety valve" would not have been applicable to him during sentencing because he was also convicted of possessing a firearm in furtherance of his drug offense. 18 U.S.C. § 3553(f)(2). The First Step Act's sentencing reforms do not apply here.

As for Gallagher's eligibility for time credits under the First Step Act, that is under BOP's jurisdiction. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (BOP administers

a defendant's sentence and calculates § 3585(b) time credits); *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015). Gallagher may file a § 2241 habeas petition challenging BOP's execution of his sentence in the district of his confinement, the District of Minnesota. *Rumsfeld v. Padilla*, 542 U.S. 426, 446–47 (2024).

Gallagher's motion for a reduced sentence under the First Step Act, Dkt. 134, is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of August, 2025.

BENJAMIN H. SETTLE
United States District Judge